MARVIN, Judge.
Charles Wayne Johnson appeals his conviction by unanimous jury verdict of forcible rape (LRS 14:42.1). He contends the trial court erred in refusing a continuance, denying a motion to suppress an in-court identification, and admitting into evidence his latent fingerprint. We affirm.
The rape occurred at the home of the 80-year-old victim in the early morning hours of September 4, 1976. The rapist entered the victim’s house through a back window. He raped the victim in her bedroom, then blindfolded her and raped her again in the woods behind her home. She hid from her assailant after he left her alone, took off the blindfold and stayed in some weeds until daylight. She then crawled to a nearby house where she obtained help from neighbors.
The sheriff and his deputies investigated the area and discovered a latent fingerprint on the inside of the window sill through which the rapist had entered the victim’s home. Deputy Poole lifted this print and placed it in his file. The victim gave the police a general description of the rapist. A search was begun for defendant, who lived in the area and fitted the description. This search was unsuccessful because defendant had departed the community. On September 13,1976, the grand jury returned a true bill indicting the defendant on charges of aggravated rape and armed robbery. The defendant was later found and arrested in Seattle, Washington, in 1982. Defendant’s fingerprint card was obtained by the Bien-ville Parish sheriff’s department. When defendant’s fingerprint was matched with the latent print, the defendant was transported back to Louisiana on June 14, 1982.
Counsel was appointed for defendant and a 72-hour hearing was held on June 15, 1982. CCrP 230.1. The state moved for a preliminary examination on June 17, 1982, to preserve and perpetuate the testimony of the victim. CCrP 296. This examination was held on June 25, 1982. A second preliminary examination was held on September 13,1982, at defendant’s request and the case was set for trial on September 21, 1982.
When defendant learned from the state that the victim was unable to testify and that the state would seek to introduce the video tape of her testimony, he moved for a continuance and moved to suppress her in-court identification of defendant at the preliminary hearing.
Arts. 294-296, CCrP, were designed to cover the exact situation presented by the victim’s age and physical condition. The victim’s doctor testified at the hearing on the motions on September 21 that he had examined the victim on September 16. The victim was then 86 years old, was suffering from congestive heart failure and arteriosclerosis, and her blood pressure was at a “dangerously” high level, all of which made the likelihood of a fatal stroke a “good possibility.” The doctor further opined that the victim’s condition would further deteriorate with age and that she would never improve to the extent that it would be medically safe for her to testify.
The purpose of the preliminary examination was to perpetuate the victim’s testimony after defendant had been indicted and arrested. Art. 296. Defendant’s appointed counsel, with defendant present, cross examined the victim at the hearing. Art. 294. Where the court finds that the witness is too ill to testify at the trial and that the absence of the witness was not procured by the party offering that testimony, the transcript of the witness’ testimony at the preliminary examination is admissible. Art. 295.
A trial court has much discretion in granting or denying a motion for continuance. State v. Washington, 407 So.2d 1138 (La.1981). CCrP Art. 709, cited by defendant’s counsel in support of the continuance, additionally requires that the moving party show the probability that an absent witness will be available at the time to which the trial will be deferred. Under the circumstances of this record, we find no error in the trial court’s rulings. Defendant was afforded his right to confrontation and cross examination. The victim was not *858 available and, according to medical testimony, there was no probability that she would be available at a later time. The victim’s absence was not procured by the party offering her testimony.
We also find no error in the court’s ruling on the motion to suppress the in-court identification made by the victim of defendant during the preliminary examination. About two hours before the preliminary examination, defendant was placed in a lineup with four other persons before the victim, even though a pre-trial identification is not a legal prerequisite to in-court identification. His appointed counsel was present at the lineup. At the examination, the victim was asked by the state if she was able to recognize the person (that came to her house) in the lineup and if she recognized him in the courtroom. The victim answered:
“I think I could [recognize him] a little [in the lineup]
“I just wasn’t sure
“Yes, I think [that’s] the individual [I] saw at [my] house that night (in the courtroom)
“I thought it in [the lineup] but I just was afraid ... it wasn’t, because he’s changed so much. He’s growing a beard, had his hair cut, and I just wasn’t sure in yonder ...”
The victim testified that the light from three street lights came through the windows of her home and that it was light enough to see defendant and to recognize that the knife he was carrying was not hers. She described him as being taller than at the time of the rape. Her description of him after the rape was reasonably accurate about his size and complexion. The failure of the victim to make an “I’m-sure” positive identification at a lineup or in the courtroom bears on the weight and not the admissibility of the testimony. State v. Long, 408 So.2d 1221 (La.1982). We find no error in the court’s ruling on the admissibility of the identification procedures.
Lastly, defendant complains that the latent fingerprint from the window should not have been admitted because a complete chain of custody of the print was not established by the state. Reasonable connexity and proper identification of demonstrative evidence is all that is required for admissibility. The identification may be established either by testimony at the trial or by the chain of custody from the time the evidence was obtained until it is offered. State v. McCabe, 420 So.2d 955 (La.1982). The print was clearly, identified as defendant’s fingerprint by a competent witness. Additionally, the deputy (Poole) who lifted the print identified the print and his custody of the print. He turned the print over to another deputy (Raley) when he left the Sheriff’s employ. Raley testified as to his custody of the print thereafter. Each deputy testified that the print had not been tampered with. We find no error in the court’s ruling that the fingerprint was admissible evidence.
Defendant’s conviction is AFFIRMED.